IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| K.P., BY AND THROUGH HIS MOTHER S.K., <br><br> Plaintiffs, <br><br> vs. <br><br> DEPARTMENT OF EDUCATION, STATE OF HAWAI'I, *et al.*, <br><br> Defendants. | Case No. 23-cv-00096-DKW-KJM <br><br> **ORDER AFFIRMING THE JANUARY 20, 2023 DECISION OF THE ADMINISTRATIVE HEARINGS OFFICER** |

Operating in a reality detached from the factual and procedural background of this case, Plaintiffs appeal the January 20, 2023 decision of the administrative hearings officer (AHO) upholding the June 23, 2022 Individualized Education Program (IEP) for Plaintiff K.P. Among other things, Plaintiffs contend that Defendants failed to anticipate needed assessments, failed to include K.P.'s current providers in an IEP meeting, and failed to conduct the IEP meeting before the start of the 2022-23 school year. Plaintiffs ignore, however, that there were very good reasons, none of which were the fault of Defendants, why the IEP meeting took place when it did and why the meeting did not include individuals and topics Plaintiffs now contend were improperly omitted. Notably, the IEP meeting took place in June 2022 because of multiple cancellations requested or caused by

Plaintiff S.K. and K.P.'s private school provider. Further, the June 2022 IEP meeting was, in Plaintiffs' words, "perfunctory" because additional assessments of K.P. were needed following a decision by a different administrative hearings officer in May 2022. Plaintiffs' counsel does not acknowledge, much less explain, any of these clearly relevant circumstances, instead choosing to blame the State and the AHO for the IEP's perceived deficiencies. As more fully discussed below, the Court AFFIRMS the AHO's well-reasoned decision.

## STANDARD OF REVIEW

"Any party aggrieved by the findings and decision" made pursuant to an administrative hearing under the IDEA "shall have the right to bring a civil action with respect to the complaint presented . . . in a district court of the United States . . . ." 20 U.S.C. § 1415(i)(2)(A). When a party files an action challenging an administrative decision under the IDEA, the district court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court deems is appropriate." *Id*. § 1415(i)(2)(C).

The party challenging the administrative decision bears the burden of proof. *J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 438 (9th Cir. 2010)

(stating that the challenging party bears the burden of demonstrating that the hearings officer should be reversed, as well as "the burden of persuasion on each claim challenged."); *Hood v. Encinitas Union Sch. Dist.*, 486 F.3d 1099, 1103 (9th Cir. 2007). Questions of law are reviewed *de novo*. *Amanda J. ex rel. Annette J. v. Clark Cty. Sch. Dist.*, 267 F.3d 877, 887–88 (9th Cir. 2001). Factual findings, however, must be given "due weight", and a court must not "substitute [its] own notions of sound educational policy for those of the school authorities which [it] review[s]." *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cty. v. Rowley*, 458 U.S. 176, 206 (1982). Such deference increases when the AHO's findings and decision are thorough and careful and demonstrate "sensitivity to the complexity of the issues presented." *J.W.*, 626 F.3d at 438-439 (citation omitted).

## **DISCUSSION**[1]

In their opening brief, Dkt. No. 26, Plaintiffs raise the following eight arguments as reasons to overturn the January 20, 2023 decision: (1) Defendants' failure to properly assess K.P. prior to the June 23, 2022 IEP meeting and Defendants seeking unnecessary assessments; (2) Defendants' failure to include

---

[1]Ordinarily, a decision in a case such as this would warrant a separate section on the Background of the case. However, given that the *background* is the reason for why most (if not all) of Plaintiffs' arguments are meritless, the Court sets forth the relevant background material in this Discussion. A detailed summary of the background may also be found in the AHO's January 20, 2023 decision. *See* Dkt. No. 12-17 at 9-25.

3

K.P.'s current private program providers in the June 23, 2022 IEP meeting; (3) Defendants' failure to hold a sufficient IEP meeting prior to the 2022-23 school year;[2] (4) Defendants' failure to discuss K.P.'s extended school year services at the June 23, 2022 IEP meeting; (5) Defendants' inadequate discussion of K.P.'s supplementary aids and services; (6) Defendants' failure to discuss K.P.'s needs with respect to Applied Behavior Analysis; (7) the IEP's inadequate description of K.P.'s least restrictive placement; and (8) Defendants' failure to discuss K.P.'s least restrictive placement.

In light of the procedural and factual background of this case, every one of Plaintiffs' arguments is, at best, misleading. As a result, while a complete regurgitation of the detailed background provided in the AHO's January 20, 2023 decision, Dkt. No. 12-17, is unnecessary here, it is still appropriate to set forth some of the most pertinent aspects of this case's background before addressing Plaintiffs' arguments.[3]

Since at least August 2021, Defendants had attempted to hold an IEP meeting with S.K., K.P.'s parent−invitations that included the Director of Pono

---

[2] For whatever reason, Plaintiffs raise this issue twice in their opening brief. Dkt. No. 26 at 8-11. Herein, the Court addresses the issue once.
[3] This is particularly so here, given that Plaintiffs challenge none of the AHO's factual findings in this regard.

Academy and Center (Pono), the private school K.P. had attended since 2019. Dkt. No. 12-17 at ¶¶ 5, 18. Between September 2021 and May 2022, S.K. asked to reschedule at least three IEP meetings, with Defendants rescheduling one in November 2021. *Id*. at ¶¶ 24-25. Together, this resulted in no IEP meetings between August 2021 and June 2022. *Id*. at ¶ 26.

On May 13, 2022, AHO Charlene Murata determined that, with respect to K.P.'s June 2021 IEP, Defendants had denied K.P a free appropriate public education (FAPE) by using the term "as available" when describing K.P.'s individual instructional support. *Id*. at ¶¶ 6-8. AHO Murata also found that Plaintiffs had failed to prove all other allegations related to the June 2021 IEP. *Id*. at ¶¶ 9-13. As a result of AHO Murata's decision, the parties were ordered to meet to determine whether any additional data was needed to determine K.P.'s current needs. *Id*. at ¶ 17. The parties were allowed 10 days to hold such a meeting and 40 days to complete any necessary assessments. *Id*.

On May 17 and May 24, 2022, a Student Services Coordinator (SSC) for Defendants contacted, respectively, S.K. and Pono's Director to schedule the meeting required by AHO Murata's decision. *Id*. at ¶¶ 27-28. Pono's Director responded that it was not her place to determine whether additional information was needed, and she did not, in any event, have the knowledge required to develop

5

an IEP for K.P. *Id*. at ¶¶ 28-29. On May 27, 2022, S.K. responded to the SSC, and a meeting was scheduled for June 13, 2022, with both S.K. and Pono's Director confirming their availability. *Id*. at ¶¶ 30-31. On the day of the meeting, however, Pono's Director emailed stating that she was no longer available. *Id*. at ¶ 31. As a result, S.K. agreed to reschedule the meeting for June 23, 2022. *Id*. at ¶ 32. On June 20, 2022, S.K. was informed that Pono's Director was unavailable on June 23, 2022. Dkt. No. 15-37 at 2. Nonetheless, S.K. agreed to proceed with the June 23, 2022 meeting. *Id*.

On June 23, 2022, two meetings were held. First, in conformance with AHO Murata's decision, a student support team (SST) meeting was held to discuss whether additional information was needed to develop K.P.'s IEP. Dkt. No. 12-17 at ¶ 33. Based on the parties' discussion, which included S.K., the SST determined that K.P. would be reevaluated and that reevaluation would include assessments for cognitive function and adaptive behavior. *Id*. at ¶ 36. S.K. agreed with this course of action. *Id*. at ¶ 37. S.K. was also informed that consent forms for the assessments would be sent to her soon. *Id*.

Second, an IEP meeting was held immediately following the SST meeting. *Id*. at ¶ 38. The parties reviewed K.P.'s June 2021 IEP, highlighted the portions of the same that would be edited to comply with AHO Murata's May 2022 decision,

6

and explained the changes to S.K.  *Id*. at ¶ 39.  K.P.'s levels of educational performance were also to be updated to include information received from Pono.  *Id*.  The parties then agreed to meet again after the reevaluations of K.P. were completed.  *Id*. at ¶ 40.

On June 27, 2022, the SSC sent S.K. consent for assessment forms, which were needed to allow Defendants to begin K.P.'s reevaluation.  *Id*. at ¶ 43.  Although S.K. returned signed consent forms to the SSC on July 12, 2022, S.K. failed to indicate her consent.  *Id*. at ¶ 58.  After the SSC followed up with S.K., fully completed forms were received on July 14, 2022.  *Id*.  On July 15, 2022, the SSC attempted to schedule dates for K.P. to be assessed, but S.K. did not respond until July 25, 2022.  *Id*. at ¶¶ 59-60.  Two weeks later, on August 8, 2022, Plaintiffs filed a complaint against Defendants that was assigned to AHO Chastity Imamura.  *Id*. at 1-2.  AHO Imamura's January 20, 2023 decision upholding K.P.'s June 2022 IEP is the subject of this case.

The foregoing background provides the context needed to address each of Plaintiffs' arguments.  First, Plaintiffs contend that Defendants did not sufficiently assess K.P. for his June 2022 IEP and the reevaluations sought were a "ploy to delay" a sufficient IEP.  Dkt. No. 26 at 6.  Plaintiffs also argue that Defendants failed to hold a sufficient IEP meeting prior to the start of the 2022-23 school year.

7

*Id*. at 8-10. Like Plaintiffs' other arguments to come, these skirt perilously close to an outright misrepresentation. At the very least, they are clearly misleading. As Plaintiffs' counsel should be more than aware from even a cursory review of the record and, in particular, AHO Imamura's decision, there were very good reasons why Defendants and S.K. were not able to collaborate on a more fulsome IEP for K.P. prior to the 2022-23 school year: (1) between September 2021 and May 2022, *S.K.* asked to reschedule the IEP meeting in question at least three times; (2) AHO Murata's decision was only published in *May 2022,* changing the course of what needed to be done at the IEP meeting; (3) S.K. and Pono's Director continued another meeting with Defendants until *June 23, 2022*; (4) Defendants and S.K. agreed at the June 23, 2022 meeting that new assessments of K.P. were necessary; (5) *S.K.* delayed providing Defendants with the consent forms needed to proceed with the new assessments; and (6) *S.K.* did not respond to requests to schedule K.P.'s assessments until *July 25, 2022*. To suggest that these new assessments were some form of "ploy", therefore, is both without *any* factual support and flatly inaccurate. The same is true of the contention that the IEP should have been completed prior to the 2022-23 school year.

Second, Plaintiffs argue that Defendants failed to include K.P.'s private program providers, *i.e.*, Pono, in the June 23, 2022 meeting. Dkt. No. 26 at 7-8.

8

Of all Plaintiffs' wild inaccuracies, this one may rank as the most disingenuous. The record is *abundantly clear* that Defendants did all that could be reasonably expected to include Pono's Director in the June 23, 2022 meeting. Notably, the SSC coordinated with Pono's Director so that she could be at a meeting on June 13, 2022 and June 23, 2022. *Pono's Director*, however, although agreeing to the first date, later cancelled on the day of the meeting, and, as for the second, later became unavailable. Moreover, Pono's Director had told the SSC that there was nothing she could add in helping to develop an IEP for K.P in any event.

Third, Plaintiffs argue that, during the June 23, 2022 IEP meeting, Defendants failed to sufficiently discuss various matters, including extended school year services, supplementary aid, applied behavior analysis, and K.P.'s least restrictive placement. Dkt. No. 26 at 11-15. These arguments conveniently ignore, however, what took place at the June 23, 2022 meetings. Notably, at the initial SST meeting, the parties, *including S.K.*, agreed that a reevaluation of K.P. was needed. This was due to K.P. not being in a public school for a significant amount of time and Pono not providing enough information about K.P.'s needs. *See* Dkt. No. 12-17 at ¶ 36. Then, during the immediately following IEP meeting, although the parties, *including S.K.*, agreed to edit parts of K.P.'s June 2021 IEP to incorporate AHO Murata's decision and information provided by Pono, the parties,

9

*including S.K.*, also agreed to meet again *after* K.P. had been reevaluated. In other words, the reason that K.P.'s extended school year services, supplementary aids, applied behavior analysis, and least restrictive placement were not more fully discussed during the June 2022 IEP meeting was because the parties, *including S.K.*, agreed that further evaluation of K.P. was needed before those matters could be properly addressed to, among other things, reflect K.P.'s progress and the present-day reality of K.P.'s life. To now suggest otherwise reflects an ignorance of the facts of this case.[4]

## CONCLUSION

The factual and procedural background of this case reflects that Plaintiffs' appeal of AHO Imamura's well-reasoned and detailed decision is frivolous.

//

//

---

[4] Another matter that is not based upon the facts of this case is Plaintiffs' argument that the language of K.P.'s least restrictive placement was "indefinite" because it did not describe the opportunities K.P. would have to participate with non-disabled peers. *See* Dkt. No. 26 at 13. According to Plaintiffs, the language failed to describe *where* these opportunities would take place, such as "in physical education activities, lunch, recess and electives." *Id*. Yet again, though, Plaintiffs' counsel has failed to actually review the facts of this case. Because, if he had, he would know that the June 2022 IEP stated as follows: K.P. "will have opportunities to participate with [K.P.'s] non-disabled peers during non-academic activities such as recess, lunch, school-wide activities, special classes (such as PE, Music, art, library), and field trips…." Dkt. No. 12-17 at ¶ 56. In other words, the very examples of specificity that counsel suggests were required, "physical education activities, lunch, recess and electives", were included in K.P.'s June 2022 IEP.

Therefore, the AHO's January 20, 2023 decision is AFFIRMED. The Clerk of Court is directed to enter judgment in favor of Defendants and then close this case.

IT IS SO ORDERED.

DATED: September 27, 2023 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

K.P., By and Through his Mother S.K., v. Department of Education, State of Hawaii, *et al*; Civil No. 23-00096 DKW-KJM; **ORDER AFFIRMING THE JANUARY 20, 2023 DECISION OF THE ADMINISTRATIVE HEARINGS OFFICER**